### DIDER and others v. COURTNEY.

In a plea, in the nature of a plea in abatement, in attachment, (Laws of Mo. session 1838–9, p. 6,) it is not necessary to put in issue the goodness of the plaintiff's reasons for his belief. (Scott, Judge, dissenting.)

Appeal from St. Louis Court of Common Pleas.

KING & MURDOCK for Appellants.

GEYER & DAYTON for Appellees.

*Opinion of the Court, delivered by Tompkins, Judge.*

In this case, an attachment was issued by the plaintiffs against the defendant, returnable to the February term, 1842. On the seventh day of January, 1842, the plaintiffs filed their affidavit, stating the indebtedness of the defendant; and the affiant stated, that he had good reason to believe, and did believe, that the defendant was about to remove his property out of the State of Missouri, so as to hinder or delay his creditors.

The defendant filed a plea, in the nature of a plea in abatement, as provided by the statute, which denied that at the time the affidavit was made, he was about to remove his property or effects out of the State of Missouri, so as to hinder or delay his creditors. The Jury on the trial found the issue for the defendant, and the plaintiffs appealed to this court.

On the part of the plaintiffs, evidence was given to prove that the defendant, on the 25th November, 1841, shipped some boxes of goods for New Orleans, on board a steamboat, and that they were attached on board of that boat.

On the part of the defendant, it seems to be admitted that he had intended to forward his goods to Baltimore for the benefit of his creditors ; but that a day, or perhaps three days, before the issuing of the attachment, he had abandoned the plan, and concluded to make arrangements with his creditors in St. Louis.

MAY TERM.
1842.

Dider &others
v.
Courtney.

The court instructed the jury, that if they believed that he intended to remove his goods from the State, that the effect of that removal would be to hinder and delay the creditors of the defendant, and in such case they must find for the plaintiffs. That if they believed that the defendant had intended to remove his property, but had abandoned his intention before the attachment was issued, then they must find for the defendant.

The plaintiffs take all objections, and contend most strongly that the issue was not good, and that the jury found against evidence. It is contended that the defendant's plea ought to have put in issue, whether the plaintiffs had good reason to believe what they had sworn to. How far I might be willing to go to support such a plea, if the statute had not directed what must be the issue, it is not necessary to say. The eleventh section of the act of 1839, permits the defendant to file a plea in the nature of a plea in abatement, putting in issue the facts alleged in the affidavit. Now, unless facts exist on which to base the good reasons of the plaintiff, he cannot have good reason to believe, although he may believe. It is not probable that the simple declaration of the defendant would have satisfied an intelligent jury that he had abandoned his design, unless there were other evidences of the reality of the abandonment. I see nothing objectionable in the instructions given by the court, and nothing so preponderating in the evidence as to induce me to believe that the court of common pleas committed error in refusing a new trial. Its Judgment is therefore affirmed by a division of the court in opinion.

In a plea, in the nature of a plea in abatement, in attachment, (Laws of Mo. session 1838–9, p. 6,) it is not necessary to put in issue the goodness of the plaintiff's reasons for his belief.

### Opinion of Scott, Judge.

I do not concur in this opinion, as in my view, the goodness of the party's reasons for his belief should have been the issue.